### No. 25,179.

JENNIE E. KINDIG, *Appellee*, v. T. D. SMITH, *Appellant*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Real Estate—Action for Balance of Purchase Price—No Error in Record*. In an action for a balance due upon a contract for the sale of real property several alleged errors examined and held to be without merit.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed July 5, 1924. Affirmed.

*E. C. Wilcox*, and *Myrtle Youngberg*, both of Anthony, for the appellant.

*S. C. Bloss*, of Winfield, *Samuel Griffin*, and *W. E. York*, both of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for a balance due upon a contract for the sale of real property. It was tried to the court. Judgment was rendered for plaintiff and defendant has appealed.

Jennie E. Kindig owned a farm. On March 29, 1921, she entered into a written contract to sell it to T. D. Smith for $9,600. Smith

Kindig v. Smith.

agreed to pay that sum as follows: to assume a mortgage on the farm of $3,500; to convey certain town property at an agreed value of $1,750; to pay cash, $500; to pay $500 in 15 days and to pay the balance, $3,350, by August 1. The contract contained a clause that if either party failed to perform the conditions of the contract to be performed by him he should pay to the other $500 as damages for nonfulfillment of the contract, and it contained provisions as to other details not now important. The deed for the farm, abstract and other title papers and the contract were placed in a bank to be delivered to Smith upon final payment. Smith paid the $500 cash and conveyed the town property to Mrs. Kindig and went into possession of the farm. His check for the second $500 was not paid for want of funds. He later paid $100 of that amount, but made no further payments.

Plaintiff brought this action for the balance due under the contract, including some items of interest and taxes which should have been paid by Smith, but were paid by plaintiff, and also asked for the $500 as damages for nonfulfillment of the contract. Defendant moved that plaintiff be required to elect whether she would seek to recover the balance due under the contract or the $500 as damages for nonfulfillment. This motion was denied and appellant complains of that ruling. In the judgment rendered plaintiff was allowed to recover the balance due under the contract, but was not allowed to recover the $500 damages for nonfulfillment. There was no error in this of which the appellant can complain.

Appellant contends that the deed and abstract had never been delivered or tendered to him. The evidence of the plaintiff and of the banker shows that the contract was written at the bank when both parties were present; that it was then orally agreed that plaintiff should place the deed, abstract and other necessary papers in the bank to be delivered to defendant when he made his final payment, and that these things were done promptly and defendant advised thereof. This was a sufficient tender to enable plaintiff to maintain this action.

The judgment is affirmed.